EISERT, Respondent, v. BARTH, Appellant. (Supreme Court, Appellate Term. June, 1901.) Appeal from Alwin Eisert against John C. Barth. Lippman & Ruck, for appellant. W. H. Klinker, for respondent. No opinion. Judgment affirmed, with costs.

EPSTEIN, Respondent, v. BROOKS et al., Appellants. (City Court of New York, General Term. May, 1901.) Action by Jacob Epstein against James Brooks and James F. Feeley. James A. Lynch (John H. Mulcahey, of counsel), for appellants. Max D. Steuer, for respondent.

PER CURIAM. The action is in the ordinary form for goods sold and delivered. The answer is—First, practically a general denial; and, second, a specific allegation of an executory contract of sale, in which plaintiff made certain representations as to the condition of the goods offered. It is claimed by the defendants, and so found by the jury, that there never was an acceptance of the goods offered; and the evidence of the defendants is to the effect that the plaintiff called after the delivery of the goods and stated that he would take them away, and did, in fact, put them in condition for removal, and promised to send for them in a day or two. He was subsequently notified to remove them, as they were in the defendants' way. It is somewhat remarkable in this case that no exceptions were taken by the plaintiff to the charge of the trial justice, and, indeed, the only exception by him of any effect is the exception to the refusal to set aside the verdict at the close of the trial. We have examined the case with care, and have given to it due consideration, and have reached the conclusion that the verdict of the jury was the only proper determination of the issues presented, and that the order setting aside the verdict and granting a new trial was error which calls for reversal. Order appealed from reversed, with costs, and the verdict and judgment allowed to stand. Order reversed, with costs.

ERICHSON, Respondent, v. TERRY et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 24, 1901.) Action by Benno Erichson against John T. Terry and others. No opinion. Judgment of the municipal court unanimously affirmed, with costs.

ERICIUS et al., Respondents, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Anna K. Ericius and Frank Zimmerman, executors, etc., against the Brooklyn Heights Railroad Company. No opinion. Motion denied.

ERIE R. CO., Respondent, v. STEWARD et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by the Erie Railroad Company against Mary Anna Steward and others. No opinion. Appellants' motion to resettle order granted, and order resettled. Respondent's motion that the order of reversal herein shall dismiss this proceeding, instead of granting a new trial, denied, without costs.

ERLANDSON, Respondent, v. GROH, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Julius Erlandson against Frank S. Groh. William R. Hill, for appellant. Douglass & Minton, for respondent.

PER CURIAM. There is nothing in this case except a conflict of evidence, and we see no reason to reverse the conclusion arrived at by the justice. The question put to the witness Hunt as to the condition of the machine at some undesignated time was properly excluded, because the issue was not as to its condition after it had been used by defendant, but as to its original capability for doing the work for which defendant ordered it. Judgment affirmed, with costs.

EXNER, Respondent, v. O'GARA, Appellant. (City Court of New York, General Term. May, 1901.) Action by Edmund Exner against Thomas O'Gara. Jas. C. Quinn, for appellant. Chas. W. Philipbar, for respondent.

O'DWYER, J. No order denying the motion for new trial appears in the appeal book, and the appeal must therefore be determined solely upon defendant's exceptions taken during the trial, and the only exception called to our attention is that to the ruling upon the question addressed to the witness Boyle. The accident occurred on the 7th day of August, 1899, and was caused by the defective condition of the oilcloth on the stairway in question, and this witness testified that he went with the defendant in September, 1899 (the date he did not know), and examined the stairs from the top to the bottom. The record shows the following proceedings: "Q. What did you find, as the result of your examination as to the stairway leading from the second to the third story, as to the condition of the oilcloth? (Objected to. Objection sustained. Exception.) A. I don't know when the oilcloth was put down. It appeared apparently new." The defendant's liability was to be determined by the condition of the oilcloth previous to and at the time of the accident. Its condition in September, long after the accident, had no relevancy upon the issue, and the ruling of the court was right. There is nothing in the case to show that the oilcloth was in the same condition in September, 1899, as it was on August 7, 1899, or previous thereto. Furthermore, it appears from the testimony of this witness that at the time he examined this oilcloth it appeared apparently new. The exception is without merit, and the judgment must be affirmed, with costs. Judgment affirmed, with costs.

CONLAN and HASCALL, JJ., concur.

FARMERS' LOAN & TRUST CO. v. NEW YORK & N. RY. CO. et al. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by the Farmers' Loan & Trust Company, as trustee, against the New York & Northern Railway Company and others and Artemas H. Holmes.